UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JARED M. TESS,

        Plaintiff,

v.

        Case No. 25-cv-1343-pp

FRANK J. BISIGNANO,

        Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 3)

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

Federal law requires a person who files a complaint in federal court to pay $405—a filing fee of $350 (28 U.S.C. §1914(a)) and a $55 administrative fee (Judicial Conference of the United States District Court Miscellaneous Fee Schedule Effective the December 1, 2023, #14). To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff indicates that he is

1

not employed, he is not married and he has no dependents he is responsible for supporting. Dkt. No. 3 at 1. The plaintiff lists no income and his only monthly expense is $50 for gas; he does not own his car, his home or any other property of value; he has $2,500 in savings. Id. at 2-4. The plaintiff states, "I live at home with parents rent free. I have a quest card to pay my food costs. I have medicaid to cover my medial costs. My gramma and grandpa gave me their old mini van and pay the insurance. I only have to pay for gas myself, which I use my savings with about $2,500.00 still left in it." Id. at 4. The plaintiff has demonstrated that he cannot pay the $405 fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that after remand, the Commissioner again denied the plaintiff's application for Supplemental Security Income and Disability Insurance benefits. Dkt. No. 1 at 1. The plaintiff argues that the decision finding him not disabled is not in accordance with the purpose and intent of the Social Security Act and is not supported by substantial evidence

2

and is contrary to law. Id. at 2. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 4th day of September, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
